```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KNITTING FEVER, INC. and KFI, INC.,
```

        Plaintiffs,                    **MEMORANDUM OF DECISION AND ORDER**
                                                                     05-CV-1065 (DRH) (MLO)

        - against -

```
COATS HOLDING LTD., COATS PLC,
COATS GMBH, COATS OPTI NV, COATS
NORTH AMERICA CONSOLIDATED, INC.,
and WESTMINISTER FIBERS, INC.,
```

        Defendants.
----------------------------------------------------------X

**A P P E A R A N C E S :**

**ROY A. KLEIN**
Attorney for Plaintiff
532 Broad Hollow Road
Suite 144
Melville, New York 11747-4987

**SILLS CUMMIS EPSTEIN & GROSS**
Attorneys for Defendants
30 Rockefeller Plaza
New York, New York 10112
By: Loryn P. Riggiola, Esq.

**HURLEY, District Judge:**

        Plaintiffs Knitting Fever, Inc. and KFI, Inc. (collectively, "KFI") object to the October 25, 2005 Order of Chief Magistrate Judge Michael L. Orenstein which: (1) directed KFI's principal to appear at the Courthouse on October 31, 2005 with his "laptop, his PDA, his cell phone, and all his desktops" so that defendants Coats Holding Ltd., Coats PLC, Coats GMBH, Coats Opti NV, Coats North America Consolidated, Inc., and Westminister Fibers, Inc. (collectively "Coats") could conduct a forensic search regarding KFI's receipt of certain documents, outside of the discovery process, from an undisclosed Coats employee; and

(2) directed KFI's counsel and principal to appear for depositions on November 15, 2005 and November 16, 2005, respectively, regarding these documents. For the reasons that follow, KFI's objections are denied and the October 25, 2005 Order is affirmed in its entirety.

## BACKGROUND

### I. The Parties' Dispute

In advance of the parties' mediation, which was conducted on September 20, 2005, the parties exchanged limited discovery. KFI's discovery responses included numerous Coats' documents that were not obtained through discovery from Coats. By letter dated October 2, 2005, counsel for Coats submitted a letter to Judge Orenstein arguing that these documents contained "privileged and proprietary information that appear to have been illegally obtained by KFI." (Oct. 2, 2005 Letter by Loryn P. Riggiola ("Riggiola Letter"), at 2.) Counsel further stated that these documents included e-mails that originated from Coats and that originally had a warning notice that the information contained therein may include attorney-client privileged information. (*Id.*) This warning notice, however, was "carefully and purposefully redacted from the version that KFI produced in discovery." (*Id.* at 3.)

Upon discovering these documents, Coats immediately wrote to KFI's counsel and demanded that KFI disclose the origin of these documents, who at KFI initially obtained them, and whether there were any other similar documents in KFI's possession. (*Id.*) In response, by letter dated September 23, 2005, KFI took the position that a Coats representative began furnishing the documents to KFI before the litigation had even begun and refused to return the documents or identify the source of the disclosure. (*Id.*) Because the parties were unable to resolve the matter, Coats requested that Judge Orenstein direct KFI to return all of the documents

and identify their source.

Although counsel for KFI responded by letter dated October 3, 2005, his letter was rejected by Judge Orenstein for failure to comply with Court Rules. Thus, although the parties appeared before Judge Orenstein for a conference on October 3, 2005, Judge Orenstein adjourned the issue until the next conference date and directed KFI's counsel to review the decision in *U.S. v. Rigas*, 281 F. Supp. 2d 733 (S.D.N.Y. 2003).

By letter dated October 7, 2005, counsel for KFI responded to Coats' application and argued that the documents did not contain privileged information, or that Coats had waived any privilege, and questioned Coats' failure to produce these documents during pre-mediation discovery. (Oct. 7, 2005 Letter by Roy A. Klein at 1-2.) Counsel nonetheless stated that he would agree to turn over originals of specified pages only and stated that he would review and evaluate any other documents Coats claimed were privileged. (*Id.* at 2.)

## II.     *U.S. v. Rigas*

In *Rigas*, the court found that the government's inadvertent disclosure of privileged documents to defendants did not constitute a waiver of the privilege. *Id.* at 742. In addressing fairness concerns, the court noted that a finding of waiver was appropriate where the privileged information had been widely disseminated. *Id.* at 741. Here, all defense counsel had refrained from reviewing the documents at issue pending resolution of the discovery dispute; therefore, a finding of waiver was not warranted. *Id.* at 742. Moreover, as no defense attorney had reviewed the documents, there was no risk that any one defendant would be prejudiced vis-a-vis any other defendant who had in fact reviewed the documents. *Id.*

In response to defendants' argument that this position "punishes them for
3

promptly notifying the Government that privileged documents were produced and for declining to review those materials pending resolution of this dispute," the Court responded as follows:

> [T]his argument [is] wholly unpersuasive. Attorneys, of course, bear responsibility for acting in accordance with ethical norms of the legal profession, independent of any incentives or disincentives created by this fourth prong of the test for waiver. *See, e.g.*, Am. Bar Ass'n Standing Comm. on Ethics and Prof. Resp., Formal Op. 92-368 (1992) ("*A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them.*"). One would expect nothing less.

*Id.* (emphasis added).

### III. *The October 25, 2005 Rulings*

On October 25, 2005, the parties appeared before Judge Orenstein. Coats' counsel argued that despite her requests as well as the Court's instructions that counsel review the *Rigas* case, counsel for KFI had thus far refused to turn over the documents in their unredacted original form and refused to disclose his source. (Oct. 25, 2005 Tr. at 3-4.) Judge Orenstein then ordered KFI's counsel to identify the alleged Coats' employee who provided the documents and to turn over the remaining original unredacted documents. (*Id.* at 5, 7.) Counsel refused to do so. (*Id.* at 5, 7.) Thereafter, Judge Orenstein ordered KFI's principal, who allegedly received the documents at issue, which included e-mails, to appear in the Courthouse on October 31, 2005 with his "laptop, his PDA, his cell phone, and all his desktops" so that Coats could conduct a forensic search. (*Id.* at 9.) He further ordered KFI's counsel and principal to appear for depositions at the Courthouse on November 15, 2005 and November 16, 2005, respectively, apparently for the purposes of discovering how and when KFI and their counsel

4

came into possession of the documents and to determine whether additional documents exist.

On October 31, 2005, KFI moved before Judge Orenstein for reconsideration of his October 25, 2005 ruling. Judge Orenstein granted the motion for reconsideration but adhered to his original ruling. (Oct. 31, 2005 Tr. at 8.) Thereafter, to avoid being held in contempt, KFI turned over the requested equipment. Notwithstanding KFI's partial compliance with the October 25, 2005 Order, KFI now asks this Court to consider and rule on all of their objections.

## *DISCUSSION*

### *I.     Standard of Review*

This court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters generally are considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Because a magistrate judge is clearly the best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51,

5

53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.").

**II.** *Judge Orenstein's Order Was Neither Clearly Erroneous Nor Contrary to Law*

The thrust of KFI's counsel's argument is that Judge Orenstein erred in directing KFI to turn over the documents without first reviewing them to determine if in fact they contain privileged material. Counsel's description of the documents, however, belies any argument that the documents did not appear on their face to be privileged. For example, counsel states that "[a] handful of pages involve emails between and among several Coats representatives making references – among various other issues – to things that Coats' counsel told one of the correspondents" and "'in a February 18, 2005 email captioned 'KFI' and sent to another Coats employee, John Laurie summarized a conversation he had had with 'our lawyer[.]'" (Pls.' Objections at 8-9.) Clearly these documents appear on their face to be privileged. Moreover, although it may be that some of the documents "on their face have nothing whatsoever to do with attorney communications," (*id.* at 8), they do appear to be "otherwise confidential."

That being said, upon receipt of the documents, counsel for KFI had a clear ethical responsibility to notify Coats' counsel and either follow the latter's instructions with respect to the disposition of the documents or refrain from using them pending ruling by the Court. *See* Am. Bar Ass'n Standing Comm. on Ethics and Prof. Resp., Formal Op. 94-382 (1994); Am. Bar Ass'n Standing Comm. on Ethics and Prof. Resp., Formal Op. 92-368 (1992). Counsel did neither. Then, upon Coats' assertion that the documents involved privileged or

6

proprietary information and that several of the documents had contained a "privilege" warning notice that was "carefully and purposefully redacted from the version that KFI produced in discovery," (Riggiola Letter at 2-3), counsel still refused to turn them over. Finally, when faced with Judge Orenstein's multiple directives to produce the unredacted originals, counsel continually refused to comply.

Contrary to counsel's assertion, the relevant issue here is not whether the documents are privileged; rather, the issue is whether upon receipt of the documents, which *on their face appeared to be privileged*, and later upon Coats' assertion of privilege, KFI's counsel satisfied his professional and ethical responsibilities. Those duties preceded any obligation on behalf of the Court to rule on the asserted privilege. Counsel then exacerbated the problem by blatantly disregarding Judge's Orenstein's orders to do what he was already required, but failed, to do, viz. turn over the unredacted originals. Thus, the rulings that counsel now objects to as being "extraordinary" would never have been necessary in the first place had counsel simply complied with his ethical responsibilities.

In that regard, given the uncertainty, as noted by Judge Orenstein, as to whether KFI has other privileged Coats documents in its possession, Judge Orenstein's ruling that KFI produce their computer equipment was proper as a search of KFI's computers will reveal the presence or absence of further documents. (*See* Oct. 25, 2005 Tr. at 21 (noting that KFI "may or may not have other matters which [t]he[y] ha[ve] obtained improperly and which may be privileged and subject [to] work product protection which has not come to the forefront yet").) To the extent Coats' review reveals KFI's source, Coats will than be able to determine whether more documents were divulged. Under these circumstances, Judge Orenstein's judgment cannot

7

be labeled clearly erroneous or contrary to law.

## *CONCLUSION*

For all of the above reasons, the Court finds that Judge Orenstein's rulings that: (1) KFI's principal appear at the Courthouse on October 31, 2005 with his "laptop, his PDA, his cell phone, and all his desktops"; and (2) KFI's counsel and principal appear for depositions on November 15, 2005 and November 16, 2005, respectively, were not clearly erroneous or contrary to law. Accordingly, KFI's objections are denied and the October 25, 2005 rulings are affirmed.

**SO ORDERED.**

Dated: November 14, 2005
      Central Islip, New York      /s
                                         Denis R. Hurley,
                                         United States District Judge