UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
**MOVANT**
CASCADE YARNS, INC.

KNITTING FEVER, INC. and KFI, INC.,
                              Plaintiff(s),        **REPORT AND**
                                                               **RECOMMENDATION**
        -against-                                 CV05-1065 (DRH) (WDW)

COATS HOLDINGS LTD., COATS PLC,
COATS GMBH, COATS OPTI NY, COATS
NORTH AMERICA CONSOLIDATED, INC.
and WESTMINSTER FIBERS, INC.,
                                Defendant(s).
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Hurley is a motion by non-party Cascade Yarns, Inc. to intervene in this closed case for the purpose of modifying a confidentiality order and getting discovery. For the reasons set forth herein, I recommend that the motion to intervene be granted. To the extent that Cascade intended this motion to also be a motion to allow modification of the confidentiality order, I recommend that a ruling be deferred, and further briefing on that issue submitted if the intervention is allowed.

## BACKGROUND

This action was removed from Nassau County Supreme Court to this court on February 24, 2005. In it, plaintiffs Knitting Fever, Inc. ("KFI"[1]) and KFI, Inc. sought damages from the Coats defendants for breach of a distributorship agreement under which Coats had granted KFI exclusive rights to distribute Coats's S&G yarns in the United States. *See* DE[110], ¶2. The

---

[1] I use the acronym KFI to refer to Knitting Fever, Inc. in this Report. In doing so, I am not referring to KFI, Inc., a plaintiff to this action which has not been sued by Cascade in the Washington action.

Complaint alleged that Coats had circumvented the agreement by selling yarns identical to the S&G products under certain Coats' labels directly to U.S. retailers. *Id*. The Coats defendants counterclaimed against the KFI plaintiffs, seeking damages for breach of contract and unjust enrichment, alleging that KFI was selling under its own house brands yarns that were similar or identical to the S&F yarns covered by the agreement between the parties. *Id.* at 3. KFI's defense was that its sale of various house brands did not violate the terms of the agreement and that, consistent with industry practice, KFI had copied certain yarns for years with Coats' knowledge and consent. *Id*. at 4. Cascade states its belief that "allegations regarding anti-competitive behavior, alter-ego conduct of related parties to further a corrupt enterprise, mislabeling of yarns . . . were made in this matter and were the subject of discovery." Mem. in Supp., DE[109] at 1. The parties settled, and the case was closed on September 26, 2007.

The current movant, Cascade Yarns, Inc. ("Cascade"), describes itself as "one of the nation's finest purveyors of yarns and sells its products through specialty retailers and boutiques throughout the United States." *Id*. It filed an action in Washington State in June 2010, alleging, *inter alia*, that KFI, one of its "chief competitors," engaged in a scheme in violation of the Lanham Act and RICO that harmed Cascade. The Washington action is referred to in the motion papers and herein as "the collateral action." In the collateral action, Cascade sued KFI, Sion Elalouf, Diane Elalouf and Designer Yarns, Ltd., amongst others, alleging that, in order to make a profit and undercut Cascade's business, KFI sold products with false labels that misrepresented fiber content, allowing KFI to sell those products at a significantly lower price than Cascade could, thus damaging Cascade in the form of lost profits and business injury. *See* DE[109] at 4.

Cascade states that the docket in this matter refers to fiber testing of samples of KFI's

2

yarns, and urges that the "results of these tests and documents addressing fiber content are directly relevant to Cascade's claims in the collateral litigation." DE[109] at 1-2. Cascade further argues that Jay Opperman, a defendant in the collateral action, owns part of a company related to the companies in this action, and control of these related entities is relevant to Cascade's claims in the collateral litigation. Therefore, Cascade seeks permission to intervene in this matter so that it can seek modification of the Confidentiality Order (DE[26]) "for the limited purpose of seeking access to relevant discovery materials sealed pursuant to that Order." Those materials, Cascade argues, will "shed light on KFI's continued misconduct with respect to its business operations, including its anti-competitive and fraudulent business practices, product mislabeling and alteration/ concealment of evidence." *Id*. at 2.

Cascade specifically seeks: "(1) any and all materials regarding the fiber content of yarn(s) imported, marketed, promoted, sold, branded and/or distributed by KFI or related to the testing of said yarn(s); (2) all communications between KFI and/or its princip[al]s and others regarding the fiber content of all yarn(s) imported, marketed, promoted, sold, branded and/or distributed by KFI; (3) all sworn testimony by principles, employees and agents of KFI, including Mr. Sion Elalouf, regarding the fiber content of yarn(s) imported, marketed, promoted, sold branded and/or distributed by KFI or related to the testing of said yarn(s), (4) any materials referencing or relating to representations regarding the origin, manufacturing, branding or fiber content of all yarn products imported, marketed, promoted, sold, branded and/or distributed by KFI; (5) the ownership structure of KFI and the other named corporate defendants [in the collateral action], including Designer Yarns, Ltd. . . . and Filatura Pettinata V.V.G. Di Stefano Vaccari & C (S.A.A.) ("VVG"); and (6) the relationship between the named defendants,

including KFI, VVG, Designer Yarns and Debbie Bliss." DE[109] at 2-3. These materials, Cascade argues, are relevant to its unfair competition claims in the collateral action under the Lanham Act, the Washington Consumer Protection Act and RICO.

KFI argues that the motion should be denied, inasmuch as Cascade fails to meet the requirements for intervention in this Circuit and that, in any event, all documents covered by the confidentiality agreement in this matter have been destroyed pursuant to the terms of the order.

## DISCUSSION

This motion is made pursuant to Rule 24, which allows for both intervention as of right and permissive intervention. Intervention as of right under Rule 24(a)(2) is allowed where the intervenor "(1) files a timely motion; (2) shows an interest in the litigation; (3) shows that its interest may be impaired by the disposition of the action; and (4) shows that its interest is not adequately protected by the parties to the action." *Hnot v. Willis Group Holdings, Ltd.,* 234 Fed. Appx. 13, 2007 WL 1366355, *1 (May 10, 2007)(internal punctuation omitted) (quoting *D'Amato v. Deutsche Bank,* 236 F.3d 78, 84 (2d Cir. 2001)). Permissive intervention may be allowed by the court upon timely motion where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P 24(b)(1)(B). The Second Circuit applies substantially the same standards to intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b). *Id.* (citing *In re Bank of New York Derivative Litig.,* 320 F.3d 291, 300 n.5 (2d Cir. 2003)). The wording of the provisions, however, makes clear that an intervenor as of right must establish "an interest relating to the property or transaction that is the subject of the action . . .," whereas a permissive intervenor must demonstrate a common issue of law or fact. Here, Cascade seeks permissive intervention.

4

This case having been closed for several years, we need look only to the first two factors set forth in *Hnot*, determining whether Cascade has made a timely motion and has demonstrated an issue of common law or fact, and to the requirement in Rule 24 that, in exercising its discretion under the Rule, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P 24 (b)(3).

The determination of timeliness is an equitable one, to be made based on the totality of the circumstances. *Id*. (citing *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 234 (2d Cir. 1996) & *Farmland Dairies v. Commissioner of the N.Y. State Dep't of Agric. & Mkts.,* 847 F.2d 1038, 1044 (2d Cir. 1988)). In making the discretionary determination, the district court must consider: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. Here, KFI argues that the motion is untimely, because, although the collateral lawsuit was filed in June 2010 and Cascade first approached this court for permission to make the motion in July 2010, it "first learned of the allegedly falsely-labeled yarns on which its lawsuit was based in May 2006" and waited more than four years to move to intervene. DE[111] at 10. I find that the motion was not untimely on that basis. Cascade promptly began the motion process once it had initiated the collateral action. Nor do any of the other timeliness factors demand denial of the motion on that ground.

KFI further argues that the motion must be denied because Cascade has not shown a direct and immediate interest in this lawsuit. KFI's argument relies, however, on standards applied to applications for intervention as of right, which require "an interest relating to the

property or transaction that is the subject of the action . . . . " Here, Cascade must demonstrate only a common issue of law or fact. KFI claims that there is no common issue, but I disagree. At a minimum, the fiber content of KFI's yarns is an issue of fact common to both lawsuits. While deception as to fiber content was not a claim in this action and is one in the collateral action, the facts surrounding fiber content were clearly at issue in this lawsuit, as evidenced by the fact that a fiber content test was done. Thus, I find that the common issue factor is met.

KFI also argues that intervention would unduly prejudice the adjudication of its rights because when, as herein, a lawsuit is settled, "the parties' adjudicated rights include the finality and certainty that settlement brings, along with an end to the time, expense and emotional wear and tear that would accompany a continuation of the lawsuit," and if the motion were granted, KFI would be deprived of that finality and certainty. DE[111] at 11. I do not agree that the inconvenience to KFI on that basis if intervention were allowed is a sufficient reason to deny the motion.

Thus, I recommend that the motion to intervene be granted. The motion to modify the confidentiality order and obtain discovery is, however, another matter. It is not clear from the papers now before me whether Cascade intended the motion to be both for intervention and for modification. Some parts of the moving papers suggest one approach, and other parts suggest another. In its Memorandum in Support, Cascade urges that "this Court should grant Cascade's motion to intervene so that it may seek to modify the Confidentiality Order and access any relevant materials," suggesting that it would seek the modification after the intervention issue was decided. DE[109] at 12. In any event, I find the current papers insufficient for a reasoned recommendation on whether the Confidentiality Order should be modified, and, if so, precisely

what discovery Cascade should get. Thus, I recommend that if the recommendation regarding intervention is adopted, the parties should agree to a briefing schedule for the motion to modify, which can be made directly to me.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See *Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
December 15, 2010

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge