UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KNITTING FEVER, INC. and KFI, INC.,

         Plaintiff(s),

 -against-

COATS HOLDINGS LTD., et al,

         Defendant(s).
-----------------------------------------------------------------X

NOT FOR PUBLICATION

**ORDER**
CV05-1065(DRH)(WDW)

**WALL, Magistrate Judge:**

 Before the court is intervenor Cascade Yarns, Inc.'s motion to modify the protective order and appoint a special master to oversee Cascade's access to discovery previously produced in this action. DE[120]. The motion is DENIED.

 I earlier issued a Report & Recommendation in this matter, and it was adopted by District Judge Hurley on January 10, 2011. Both the R&R and Judge Hurley's order made perfectly clear that the next step in the process was further briefing on the motion to modify the confidentiality order. Cascade, however, has taken the unjustified position that the gravamen of this motion is the scope of the discovery to which it is entitled, not the threshold issue of whether the protective order should be modified to allow it any discovery. Cascade simply ignores the clear language of the R&R in which I noted that I found "the current papers insufficient for a reasoned recommendation on **whether the Confidentiality Order should be modified, and, if so**, precisely what discovery Cascade should get." DE[115] at 6-7. Cascade has construed this plain language to mean that "the only remaining issue is the identification of what materials should be produced to Cascade under the terms of the Confidentiality Order." DE[12] at 5. That is plainly wrong. The threshold issue is whether the order should be modified in the first place. It should not.

Despite its untenable position that the identification of what materials should be produced is the only issue now before the court, Cascade does provide argument about the standards applicable to the question of modification - seriously flawed argument. *See* DE[122] at 5-7. Cascade rejects the standard set forth in *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979), and relies on two separate standards, as set forth in *In re "Agent Orange" Prod. Liability Litigation,* 104 F.R.D. 559, 569-70 (E.D.N.Y. 1985), and in *Bayer AG and Miles, Inc. v. Barr Labs.,* 162 F.R.D. 456 (S.D.N.Y. June 5, 1995). Cascade argues that the "*Martindell* standard . . . is applicable only to government requests for access to discovery from a civil action," relying on *Bayer AG* and to *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.,* 1999 WL 76938 (S.D.N.Y. Feb. 16, 1999) DE[122] at 5. The Second Circuit, however, has specifically found that "Some district courts in our Circuit have incorrectly concluded that the *Martindell* rule only applies when the Government seeks modification of a protective order," with specific reference to both *Bayer AG* and *Bristol-Myers Squibb*. *See Securities and Exchange Comm'n v. TheStreet.com,* 273 F.3d 222, 229 n.7 (2d Cir. 2001); *see also Iridium India Telecom Ltd. v. Motorola, Inc.,* 165 Fed. Appx. 878, 880-81 (2d Cir. 2005). A simple cite check of those cases would have shown Cascade the error of its argument.

The rule of law in *Martindell* that Cascade seeks to avoid is that where "there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need.'" 594 F.2d at 296. Here, there is no showing of improvidence and no showing of any extraordinary circumstance or compelling need on Cascade's part that would overcome "the strong presumption against the modification of a

2

protective order" set forth in *Martindell* and reiterated in *TheStreet.com*.  Nor is the confidentiality order one that is on its face temporary or protective of government documents, grounds that might support a modification.  *See Iridium*, 165 Fed. Appx. at 881; and see DE[26], ¶14 (The protective order provides that it "shall survive the final termination of this action with respect to any confidential information.")

Cascade also relies on *In re "Agent Orange" Prod. Liability Litigation*, 104 F.R.D. 559 (E.D.N.Y. 1985) as setting forth a "public interest" standard that shifts the burden to the party resisting modification of a protective order.  The viability of such a standard is doubtful post-*TheStreet.com* or in the absence of First Amendment issues.  In *TheStreet.com*, the Court noted that at least one District Court in the Circuit "has incorrectly concluded that *Agent Orange* established a new rule that created 'a presumption that discovery materials should be publicly available whenever possible, i.e., absent a showing of good cause from shielding them from view.'" 273 F.3d at 231 n.9 (citing *Westchester Radiological Ass'n v. Blue Cross/Blue Shield,* 138 F.R.D. 33, 36 (S.D.N.Y. 1991)).  It further noted that at least part of *Agent Orange* has been overruled by statute, with a change to Federal Rule of Civil Procedure 5.  *Id.* at 233 n.11.  With reference to *Agent Orange*, the Court in *TheStreet.com* focused on the idea that "some protective orders may not merit a strong presumption against modification . . . [f]or instance, protective orders that are on their face temporary or limited," without mention of a separate "public interest" standard.  273 F.3d at 230-31 (citing *In re "Agent Orange" Prod. Liability Litigation*, 821 F.2d 139, 147 (2d Cir. 1987)).  Overall, it would appear that the principles articulated in *TheStreet.com* are now to be applied in all modification of protective order motions.

In any event, Cascade would not prevail under an *Agent Orange* public interest standard.

3

because Cascade has not articulated a public interest that would take this matter outside the scope of the *Martindell* standard. The court in *Agent Orange* found the matter before it to be "of great interest to the public and the media," with First Amendment implications. 104 F.R.D. at 570. Here, Cascade wants to modify the order to help in its Collateral Action, in which it seeks monetary and equitable relief, a private interest. Cascade's claim that the alleged violations of RICO, the Lanham Act and the Washington Consumer Protection Act rise to the level of public interest necessary for the application of the *Agent Orange* standard is simply wrong.

Cascade has not demonstrated a basis for modifying the protective order, and the motion is denied.

Dated: Central Islip, New York  **SO ORDERED:**
August 22, 2011

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge