UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KNITTING FEVER, INC. and KFI, INC.,

                        Plaintiffs,                                    **MEMORANDUM AND ORDER**
                                                                       05-CV-1065 (DRH) (WDW)
              - against -


COATS HOLDING LTD., COATS PLC, COATS
GMBH, COATS OPTI NV, COATS NORTH
AMERICA CONSOLIDATED, INC., and
WESTMINSTER FIBERS, INC.,

                        Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICES OF ROY A. KLEIN**
Attorneys for Plaintiffs
532 Broad Hollow Road
Suite 144
Melville, New York 11747
By:    Roy A. Klein, Esq.

**SQUIRE, SANDERS & DEMPSEY (US) LLP**
Attorneys for Intervenor Cascade Yarns, Inc.
30 Rockefeller Plaza
New York, New York 10112
By:    Steven Skulnik, Esq.

**HURLEY, Senior District Judge:**

        Plaintiffs Knitting Fever, Inc. and KFI, Inc. ("plaintiffs" or "KFI") commenced this

breach of contract action against defendants Coats Holding, Ltd., Coats PLC, Coats GMBH,

Coats Opti NV, Coats North America Consolidated, Inc., and Westminster Fibers, Inc.

("defendants" or "Coats") in February 2005.  The parties proceeded to discovery and entered into

a confidentiality agreement, which was endorsed by the Court on September 29, 2005 (the

"Confidentiality Order").  (*See* Docket No. 26.)  Ultimately, plaintiffs filed a stipulation of

discontinuance and this case was closed on September 26, 2007.  Almost three years later, on July 28, 2010, Cascade Yarns, Inc. ("Cascade") moved to intervene in this closed matter for the purpose of modifying the Confidentiality Order and "access[ing] information relevant to [a] collateral litigation."  (Not. of Mot., dated July 28, 2010.)  This Court referred the matter to Magistrate Judge William D. Wall for report and recommendation.  On December 15, 2010, Judge Wall issued a Report and Recommendation recommending that Cascade's motion to intervene be granted, but deferred ruling on Cascade's motion to modify the Confidentiality Order pending further briefing by the parties.  By Order dated January 10, 2011, this Court adopted Judge Wall's Report and Recommendation.[1]

Presently before the Court is plaintiffs' motion seeking sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11 against Cascade and its counsel, the law firm of Squire, Sanders & Dempsey, LLP ("Squire Sanders").  Plaintiffs claim that Cascade's reply brief, which was filed as part of Cascade's motion to intervene, contained a false statement of fact that was included to harass KFI and its counsel.  For the reasons set forth below, plaintiffs' motion is denied.

---

[1] The parties submitted further briefs to Judge Wall regarding Cascade's motion to modify the Confidentiality Order.  By Order dated August 22, 2011, Judge Wall concluded that Cascade had failed to demonstrate any basis for modifying the Confidentiality Order and denied its motion.  (*See* Docket No. 132.)

## BACKGROUND

### The Coats Case

The present case (the "Coats Case"), which is now closed, stemmed from allegations that defendants breached their exclusive distribution agreement with plaintiffs.  Plaintiffs claimed that although Coats granted KFI the exclusive right to distribute certain of Coats's yarns in the United States, Coats circumvented the agreement by selling identical yarns under different labels directly to U.S. retailers.  (Decl. of Roy A. Klein, Esq., dated Apr. 5, 2011 ("Klein Decl.") ¶ 3.)

Following a discovery dispute regarding KFI's alleged failure to turn over certain material, the parties appeared for a status conference before Magistrate Judge Michael L. Orenstein,[2] who issued an Order directing the following: (1) that Roy Klein, attorney for KFI, submit to a deposition, and that (2) Sion Elalouf, KFI's principal, "produce his desktops, laptops, PDA and cell phone . . . for pick-up by defendant's forensic expert [for an] examination of all [ ] memory drives and [metadata] [and other] material re: transmissions of e-mail or other communications re: yarns."  (Minute Entry, dated Oct. 25, 2005.)  Klein and Elalouf complied with Judge Orenstein's Order.  (*See* Klein Decl. ¶ 11.)

By letter dated February 13, 2006, Coats requested a pre-motion conference in anticipation of moving for sanctions against KFI, arguing that KFI and its counsel had acted improperly by failing to produce certain documents during discovery.  The letter stated, in relevant part:

---

[2]      On March 14, 2006, Judge Orenstein recused himself and this matter was reassigned to Judge Wall.

3

> Additionally, and after commencement of this action . . . Mr. Elalouf
> and Mr. Klein obtained new computers and discarded their old ones,
> both of which contained discoverable information. Mr. Elalouf did not
> and does not currently maintain backup tapes for his desktop or laptop.
> Mr. Klein was unclear [during his deposition] as to whether he
> maintained backup tapes and does not know if any tapes are available.
> Because many of the known communications [at issue] were not
> contained on Mr. Elalouf's existing computers, it is likely that the
> missing communications and . . . other relevant evidence[ ] were either
> contained on Mr. Elalouf's prior computer or destroyed by him.

(Feb. 13, 2006 Letter at 3 (footnote omitted).)  In response, Klein submitted a February 17, 2006

letter that vehemently denied Coats's assertions and stated: "Given my [deposition] testimony,

Coats' inference that I discarded my computer to destroy evidence in this case is offensive and

unprofessional."  (Feb. 17, 2006 Letter at 2-3 (footnote omitted).)

The parties subsequently settled the matter and, as such, the Court did not have the

opportunity to rule on Coats's request for a pre-motion conference, and Coats never filed its

proposed motion for sanctions.

***The Cascade Case***

In 2010, approximately three years after the Coats Case closed, Cascade initiated an

action in the Western District of Washington against KFI, alleging that KFI engaged in unfair

competition by marketing and selling "yarns labeled as containing cashmere with knowledge that

the yarns contained no cashmere."  (Klein Decl. ¶ 17.)  According to Klein, the Complaint in the

Cascade Case "accuses [him] of counseling KFI to commit and/or cover up an alleged fraud."

(*Id.* ¶ 19.)

As noted above, after the commencement of the Cascade Case, Cascade filed a motion to

intervene in the Coats Case.  Cascade argued that discovery material in the Coats Case would be

4

relevant to the Cascade Case because it would "shed light on KFI's continued misconduct with respect to its business operations, including its anti-competitive and fraudulent business practices, product mislabeling and alteration/concealment of evidence." (Dec. 15, 2010 R&R at 3 (quoting Cascade's Mot. to Intervene at 2).)  In recommending that the motion to intervene be granted, Judge Wall found: "At a minimum, the fiber content of KFI's yarns is an issue of fact common to both lawsuits.  While deception as to fiber content was not a claim in this action and is one in the collateral action [i.e., the Cascade Case], the facts surrounding fiber content were clearly at issue in this lawsuit, as evidenced by the fact that a fiber content test was done." (*Id.* at 6.)

The present Rule 11 motion centers around a statement contained in Cascade's reply brief in further support of its motion to intervene.  The relevant portion of that brief reads as follows:

> The Court should also note that only KFI, the plaintiff, and defendant in two civil RICO actions, has opposed Cascade's motion to intervene.  KFI does so with the same attorney[ ] who unsuccessfully persuaded KFI not to secure attorney-client privileged documents from Coats and Clark from a dis-loyal employee outside of the discovery process. *Mr. Klein is the same attorney[] who[,] just like KFI managing agent Mr. Elalouf, replaced his computer and kept no backup so that Coats was unable to conduct a complete forensic investigation ordered by this Court.*

(Cascade's Reply to Mot. to Intervene at 2 (emphasis added).)  It is the last sentence in this paragraph to which KFI asserts its objection (the "Statement").  KFI argues that Cascade did not offer any citation in support of the assertion that Klein replaced his computer and "kept no backup" in order to frustrate Coats's ability to conduct a Court-ordered forensic examination, and Klein vehemently denies the veracity of this statement.  (Klein Decl. ¶ 23.)

### DISCUSSION

**A.     Legal Standard**

Pursuant to Rule 11(b), by signing a "pleading, written motion, [or] other paper" that is

presented to the Court, an attorney certifies that, "to the best of [his] knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost of
> litigation; . . . [and]
>
> (3) the factual contentions have evidentiary support or, if specifically
> so identified, will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

Rule 11 places an "affirmative duty" upon attorneys to make "reasonable inquiry" into the

facts and the law. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks

omitted).  "'The standard for triggering the award of fees under Rule 11 is objective

unreasonableness,' and is not based on the subjective beliefs of the person making the

statement." *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 387 (2d Cir. 2003) (internal citation

omitted) (quoting *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)).

"Although the imposition of sanctions is within the province of the district court, any

such decision should be made with restraint and discretion." *Pannonia Farms, Inc. v. USA

Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (internal quotation marks and alteration omitted).

"When divining the point at which an argument turns from merely losing, to losing and

sanctionable, courts must resolve all doubts in favor of the signer of the pleading." *Dorchester

Fin. Secs. v. Banco BRJ, S.A.*, 2010 U.S. Dist LEXIS 59702, at *10 (S.D.N.Y. June 16, 2010)

6

(internal quotation marks and alterations omitted); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1259 (2d Cir. 1996) (noting that "Rule 11 sanctions must be imposed with caution").

**B.     *The Statement is not Utterly Lacking in Support***

KFI argues that Cascade made the Statement without undertaking an objectively reasonable inquiry into the facts, in violation of Rule 11(b)(3).  (KFI's Mem. at 11.)  KFI asserts that, as support for the Statement, Cascade relied solely on Coats's February 13, 2006 pre-motion conference letter.  According to KFI, "Cascade's purported reliance on such letter is wholly insufficient to constitute the objectively reasonable inquiry required under Rule 11" for three reasons.  (*Id.* at 12.)  First, Cascade "ignor[ed]" the fact that Judge Orenstein's October 25, 2005 Order did not direct Klein to turn over his computer or other piece of electronic equipment – only Elalouf was required to do so.  (*Id.*)  Second, Cascade "missta[ed] and exaggerat[ed]" the representations made in Coats's February 13, 2006 letter, which stated only that Klein and Elalouf each obtained new computers and discarded their old ones after the Coats Case commenced in February 2005, but "did ***not*** allege that Elalouf or Klein replaced their equipment to frustrate" the Court-ordered forensic examination.  (*Id.* (emphasis in the original).)  Third, Cascade "ignor[ed] Klein's February 17, 2006 response," in which Klein asserted that when he replaced his computer he kept hard copies of all relevant documentation.  (*Id.*)

In response, Cascade asserts that it "did not allege that Mr. Klein destroyed evidence intentionally or for an improper purpose; it was Coats that made those allegations in the record." (Cascade's Opp'n at 2.)  According to Cascade, it simply "report[ed] a true statement of the background of this litigation as it related to Cascade's motion to intervene."  (*Id.*)

The Second Circuit has made clear that "[a] statement of fact can give rise to the imposition of sanctions only when the 'particular allegation is utterly lacking in support.'" *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting *Storey*, 347 F.3d at 388). Accordingly, to avoid the imposition of sanctions pursuant to Rule 11(b)(3), Cascade "need not prove the truth of their accusation, only that it was not utterly lacking in support." *Id.* at 82 (internal quotation marks omitted). The Court finds that Cascade has met this burden.

First, it is evident from both Coats's February 13, 2006 letter and Klein's February 17, 2006 letter response that both Klein and Elalouf did, in fact, replace their computers at some point after the Coats Case began. It also appears that Klein and Elalouf kept hard copies of at least some of the material that was stored on the old computers, although nothing in the record suggests that either of them imaged their hard drives or took other action to preserve their electronic data or metadata. Finally, while Coats's February 13, 2006 letter may not have explicitly alleged that Klein and Elalouf intended to destroy evidence relevant to the Coats Case, the implication lies not far beneath the surface. Klein's own response to Coats's February 13, 2006 letter makes this clear: "Given my [deposition] testimony, Coats' inference that I discarded my computer to destroy evidence in this case is offensive and unprofessional." (Feb. 17, 2006 Letter at 2-3.)

Because the Court finds that the Statement is not "utterly lacking in support," KFI's request for sanctions pursuant to Rule 11(b)(3) is denied.

**C.**    ***KFI has Failed to Show That Cascade Filed the Motion to Intervene for an Improper Purpose***

KFI argues that Cascade and Squire Sanders should be sanctioned under Rule 11(b)(1) because they "made their accusation in Cascade's [Reply] Brief for an 'improper purpose' – i.e., as part of their ongoing, concerted effort to harass KFI, Elalouf, and Klein.  (KFI's Reply at 8.) The Court notes, initially, that the proper focus to place the Statement in context is whether the reply brief itself – not simply the Statement – was filed for an improper purpose.  *See, e.g.*, *Dorchester Fin. Secs.*, 2010 US Dist. LEXIS 59702 at * 11 ("There is, however, no evidence that Dorchester brought *the motion* for any improper purpose . . . .") (emphasis added); *see also* Fed. R. Civ. P. 11(b)(1).

KFI argues that the Statement was "entirely irrelevant to any issue concerning Cascade's motion to intervene."  (KFI's Reply at 8.)  KFI further argues that "Cascade's and Squire Sander's bad faith is evidenced by their other litigation conduct, which goes well beyond the boundaries of propriety and zealous advocacy."  (*Id.*)  Despite these assertions, the Court finds that KFI has not demonstrated that Cascade filed the motion to intervene (and the accompanying reply brief) for an improper purpose.  The Court has taken note of the contentious natures of both this litigation and the Cascade Case, and of the fact that counsel in both cases have occasionally taken a tone with one another that has been less than civil.  Overall, Judge Wall's recommendation that Cascade's motion to intervene be granted is an excellent indicator that the motion itself had merit and was properly brought.  Accordingly, KFI's motion for sanctions pursuant to Rule 11(b)(1) is denied.

## *CONCLUSION*

For the reasons set forth above, KFI's motion for Rule 11 sanctions against Cascade is

denied.

**SO ORDERED.**

Dated: Central Islip, New York
       March 19, 2012

                                                   ___/s/_____
                                                   Denis R. Hurley
                                                   Unites States District Judge